UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MICHAEL D. SMITH                          CIVIL ACTION NO. 06-0395

versus

INTERNATIONAL PAPER CO., ET AL.        MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

**Introduction**

Michael D. Smith ("Plaintiff") was injured while performing his job as a welder for Kellogg, Brown & Root, Inc. ("KB&R"), which had contracted to perform maintenance and repair work during a shutdown of a paper mill owned by International Paper Company. Plaintiff filed this personal injury action against International Paper and its insurer, alleging that the accident was caused by the negligence of International Paper.

All parties filed written consent to have the undersigned magistrate judge decide the case, and the district judge referred the case to the undersigned pursuant to 28 U.S.C. § 636(c). International Paper and its insurer later filed a Motion for Summary Judgment (Doc. 29). They urge that Plaintiff's negligence action is barred because International Paper was Plaintiff's statutory employer and, thus, entitled to the exclusive remedy protections of Louisiana's workers' compensation laws. For the reasons that follow, the motion will be granted.

**Relevant Facts**

The key facts are set forth in the parties' statement of uncontested facts, Plaintiff's deposition, an affidavit from the International Paper plant manager, and a contract between International Paper and KB&R.   They show that KB&R had a contract to perform maintenance work at International Paper's Mansfield mill.   A shutdown of the plant's lumberyard was scheduled.   KB&R hired Plaintiff to work as a welder during the shutdown. Plaintiff and other workmen were preparing to perform repairs to the woodyard's "slasher" system, which is used to cut logs into smaller sections, which are then converted to wood chips.   A heavy piece of plate steel was lifted by a crane and was to be placed on steel sawhorses, but the plate steel somehow fell on Plaintiff's foot and caused serious injuries.

**The Statutory Employer Defense**

Louisiana's workers' compensation statutes generally do not permit an employee to sue his employer or any principal in tort.  If a principal (International Paper) undertakes any work which is a part of his trade, business or occupation and contracts with a contractor ( KB&R) for any part of the work, the principal, as a statutory employer, is granted the exclusive remedy protections of the law with respect to injury claims made by employees of the contractor.   La.R.S. 23:1061(A)(1).  For purposes of that statute, work is considered a part of the principal's trade, business or occupation "if it is an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services."  Id.

A 1997 amendment to the statute provides that, subject to an inapplicable exception, a statutory employer relationship shall not exist between the principal and the contractor's employees "unless there is a written contract between the principal and a contractor ... which recognizes the principal as a statutory employer."   § 1061(A)(3).   "When a contract recognizes a statutory employer relationship, there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees ... ." Id.

There was a contract between International Paper and KB&R, at the relevant time, for KB&R to perform planned and emergency equipment maintenance and similar services at the Mansfield mill.  Article 3 of the contract invokes the statutory provisions cited above and states that International Paper and KB&R agree that International Paper is deemed to be the statutory employer of KB&R's employees "performing the work or other services set out herein on [International Paper's] premises."  This contractual provision gives rise to the rebuttable presumption created by the statute.

The rebuttable presumption "may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services."  § 1061(A)(3).  Michael Craft, the Mansfield mill plant manager, testifies that for the mill to generate its products, it is normal, necessary and essential that maintenance and repair work be performed during periodic shutdowns of the woodyard.  Sheet metal repairs to the slasher system used to cut logs that are then converted

into chips was part of the work KB&R performed during the shutdown of the woodyard.

Decisions rendered after the 1997 amendment have granted or affirmed summary judgment for the principal in similar cases when an employee of a contractor that was hired to perform maintenance work was injured.  See Armand v. Marathon Oil Corp., 2007 WL 934452 (E.D. La. 2007) (employee of insulation contractor was injured when he was blown from an asphalt storage tank at a refinery); Alexander v. Broadmoor, L.L.C., 2006 WL 1995687 (E.D. La. 2006) (employee of sheet metal company tripped while unloading duct at a plant that fabricated offshore structures); and Duncan v. Dow Pipeline Company, __ S.2d __, 2007 WL 675980 (La. App. 3rd Cir. 2007) (employee of contractor hired to repair pipeline platforms was injured when a handrail broke as he repaired a platform).  The Alexander court noted that courts have found that work which may be ancillary to the statutory employer's operations can be nevertheless essential to the ability of the statutory employer's operations.  Cases cited included one in which a contractor performed catering services onboard an oil and gas compressor facility, and a case in which a security guard was injured while working at a refinery.  The affidavit from Mr. Craft, although brief, depicts Plaintiff performing work that was essential to International Paper's operations at the paper mill. That testimony and the other evidence of record adds support to the rebuttable presumption that there was a statutory employer relationship between International Paper and KB&R's employees.

Plaintiff's only arguments are that the statutory employer rule does not apply because

the work he was performing was (1) outside the scope of the contract and (2) non-recurring or extraordinary construction and repairs are outside the scope of the workers' compensation law's protection of statutory employers.  Plaintiff's first argument, that his work was outside the scope of the contract, relies upon a provision in Article 5 of the contract. It provides that International Paper will furnish all tools, supplies and equipment required in the performance of the work covered by the agreement, and that International Paper will provide all safety devices and equipment required for use by KB&R employees.  The contract provides that KB&R will, if requested by International Paper, furnish materials and equipment, but KB&R will be compensated according to a schedule.

Plaintiff testified that it was KB&R, not International Paper, that provided the tools and equipment used for the job on which he was injured.  Plaintiff's counsel represents that the defense has not been able to produce any evidence of a request made by International Paper that KB&R supply materials, tools, etc.  Plaintiff also testifies that KB&R, not International Paper, provided him with a safety harness.

The question raised by Plaintiff about full compliance with the contractual provisions is not a genuine issue that precludes summary judgment.  The contract at issue is quite detailed and, as in many such cases, there are likely a number of actions or inactions of the parties at any given time that could be deemed contrary to the requirements of the contract. There are, for example, detailed requirements about the coverage and limits of various forms of insurance that must be provided, a requirement that KB&R keep the work area in a reasonably clean condition, that employees be drug tested, that trade secrets not be disclosed,

and that International Paper provide reasonably required office facilities and storage areas. The parties may from time to time run afoul of those provisions or the ones cited by Plaintiff, but that does not render the work that Plaintiff (and the other KB&R employees) may have been performing at the time outside the scope of the contract.  The contract defines its scope as "planned and emergency equipment maintenance, routine facilities maintenance, turnaround, miscellaneous construction, and other related services" at the Mansfield mill. The work that Plaintiff was performing at the time of his injury was within the scope of the contract, regardless of who supplied his safety harness or equipment for that job, so the contract's provision that International Paper was a statutory employer is applicable.

Plaintiff's second argument is that he was performing non-recurring repairs or extraordinary work that is outside the protection of the statutory employer laws.  Plaintiff cites two decisions that pre-date the 1997 amendment, which was designed to overrule the governing Louisiana Supreme Court standards previously employed and to expand the applicability of the statutory employer provision.  Plaintiff has not cited any decisions under the current statute that would support his contention, and there is nothing in the statutory language to suggest that non-recurring repairs (and Plaintiff has not presented evidence to suggest that the repairs at issue were of such a nature) are different from other forms of maintenance work.  The statute provides that the work is considered a part of the principal's business if it is an integral part of or essential to the ability of the principal to generate its goods, products or services.  Plaintiff has not presented summary judgment evidence to overcome the rebuttable presumption that the maintenance and repair work he was

Page 6 of  7

performing does not fall within that description.

**Conclusion**

International Paper and its insurer have established that there is no genuine issue of material fact that International Paper was Plaintiff's statutory employer at the time of the accident.  Accordingly, the **Motion for Summary Judgment (Doc. 29)** is **granted**.  That results in the resolution of all claims among the parties, so a final judgment will be issued.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 3rd day of May, 2007.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE